**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| U-Haul International Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Public Storage Operating Company,<br><br>Defendant. | No. CV-24-03160-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendant Public Storage Operating Company's Request for Judicial Notice (Doc. 22) and Plaintiff U-Haul International Incorporated's Motion for Leave to File Supplemental Evidence (Doc. 28). After reviewing both requests, the Court finds oral argument will not aid in its decision. The Court will grant in part and deny in part Defendant's request for judicial notice and grant Plaintiff's motion for leave to file supplemental evidence. Oral argument on Defendant's motion to dismiss (Doc. 21) remains scheduled for September 10, 2025, at 10:00 a.m.

**I.**

Public Storage requests the Court take judicial notice or consider incorporated by reference ten exhibits attached to its motion to dismiss.* (Doc. 22 at 2-3.)

Federal Rule of Evidence 201(b) provides a district court may notice adjudicative facts "not subject to reasonable dispute." A fact is "not subject to reasonable dispute" when it is "generally known" or "can be accurately and readily determined from sources whose

---

* Public Storage originally requested the Court consider eleven exhibits. But it subsequently withdrew its request as to Exhibit 10. (Doc. 27 at 5 n.2.)

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

Unlike judicial notice, "incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Kohja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Incorporation is appropriate when a complaint "refers extensively to the document or the document forms the basis of [a] plaintiff's claim." *Id.* (citation omitted). If, however, a "document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and incorporation is not allowed. *See id.*

### A. Exhibits 1-2 and 8-9: Orange Storage Door Website Archives

Exhibits 1-2 and 8-9 are timestamped versions of the website https://everyoneusesorangestoragedoors.com (the "Orange Storage Door Website"). Public Storage requests the Court take judicial notice of the exhibits or consider them incorporated into the amended complaint by reference. (Doc. 27 at 7-8.)

#### 1. Judicial Notice

Prior decisions from this district have held judicial notice is not appropriate for private websites. *ThermoLife Int'l LLC v. Neogenis Labs Inc.*, CV-18-02980-PHX-DWL, 2021 WL 1400818, at *2 (D. Ariz. Apr. 14, 2021). Private websites are often "marketing tool[s] . . . full of imprecise puffery that no one should take at face value." *See Victaulic Co. v. Tieman*, 499 F.3d 227, 236-37 (3rd Cir. 2007); *ThermoLife Int'l LLC*, 2021 WL 1400818, at *2 (citing *Victaulic Co.*). Thus, the Court will not take judicial notice of exhibits 1-2 and 8-9 because they are not "sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(1)-(2).

#### 2. Incorporation by Reference

U-Haul refers to the Orange Storage Door Website multiple times in the amended complaint. (*See, e.g.*, Doc. 13 ¶ 122.) Most of those references use the website as a means of describing a cease-and-desist letter sent from Public Storage. (*See id.* ¶ 113, ¶ 118.) The only allegation based on the website's contents is it contained "printouts demonstrat[ing] that the color orange is used by hundreds of" third-party storage facilities throughout the

country. (*Id.* ¶ 95.) U-Haul's requested relief also partially depends on the contents of the Orange Storage Door Website. (*See id.* ¶ 127, ¶ 131, ¶ 136, ¶ 144, ¶ 147.)

Attached to the amended complaint is an exhibit showing the different pages of the Orange Storage Door Website and the hundreds of photos it displays. (Doc. 13-3 at 30.) This exhibit adequately encapsulates U-Haul's use of the website for the purposes of the amended complaint. By including the website in its entirety, there is no concern over U-Haul omitting portions that would weaken or doom its claims. *See Khoja*, 899 F.3d at 1002 (explaining the purpose behind the incorporation by reference doctrine).

Public Storage argues exhibits 1-2 and 8-9 are necessary because U-Haul partially relies on a cease-and-desist letter it sent to confer standing. (*See* Doc. 22 at 7.) This argument does not assert the exhibits are necessary to understand the contents of the amended complaint. Rather, it attempts to admit the exhibits to disprove allegations related to U-Haul's ability to pursue declaratory relief. This is an inappropriate use of the incorporation-by-reference doctrine. The Court will not consider Exhibits 1-2 and 8-9 incorporated into the amended complaint by reference.

**B.    Exhibit 3: "*Were Fighting for the Little Guys Too*"**

Exhibit 3 is an internet article titled *U-Haul CEO Joe Shoen: "We're Fighting for the Little Guys Too"* published on the website Modern Storage Media (Doc. 22 at 2 (citing www.modernstoragemedia.com/msm-exclusives/u-haul-ceo-joe-shoen-were-fighting-for-the-little-guys-too).) Public Storage requests the Court take judicial notice of the exhibit. (Doc. 27 at 6-7.)

As previously discussed, private websites are not "sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(1)-(2). The Court will not take judicial notice of Exhibit 3.

**C.    Exhibits 4-7: USPTO Records**

Exhibits 4-7 are records related to a trademark application Public Storage filed with the United States Patent and Trademark Office ("USPTO"). Public Storage requests the Court take judicial notice of the exhibits. (Doc. 22 at 6-7.)

1  Public records of the USPTO are generally considered accurate sources susceptible
2  to judicial notice. *See Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal.
3  2014). Accuracy, however, "is only part of the inquiry under Rule 201(b)." *Khoja*, 899
4  F.3d at 999. A district court must also look at the specific facts being noticed to determine
5  if they are susceptible to reasonable dispute. *See id.* at 999-1000.

6  Public Storage asks the Court to take judicial notice of the following facts: the
7  USPTO denied its application, it responded to that denial by asserting there was no
8  likelihood confusion, and the USPTO denied its second application "in part due to the
9  examiner's view that there would be a likelihood of confusion." (Doc. 27 at 10.) These
10 facts are readily discernable from the USPTO records and not susceptible to reasonable
11 dispute. *See Khoja*, 899 F.3d at 999-1000. The Court will take judicial notice of the facts
12 requested by Public Storage.

### D.  Exhibit 11: Email Between the Parties

14 Exhibit 11 is an email between U-Haul's General Counsel and Public Storage's
15 Chief Legal Officer dated November 20, 2024. (Doc. 21-3 at 2, 5; Doc. 22 at 3.) It explains
16 why Public Storage withdrew a cancellation petition filed with the USPTO. (*See id.*)
17 U-Haul does not object to the Court taking judicial notice or incorporating the email into
18 the amended complaint by reference. (Doc. 25 at 9-10.) Based on U-Haul's non-opposition,
19 the Court will consider the email incorporated into the amended complaint by reference.

20 \*     \*     \*

21 Based on the foregoing, the Court will take judicial notice of the following facts:
22 the USPTO denied Public Storage's application to register "trade dress of an orange door
23 in a storage unit," Public Storage responded to that denial by asserting there was no
24 likelihood confusion, and the USPTO denied Public Storage's second application "in part
25 due to the examiner's view that there would be a likelihood of confusion." (Doc. 27 at 10.)
26 The Court will further consider Exhibit 11 incorporated into the amended complaint by
27 reference. Public Storage's remaining requests are denied.

- 4 -

**II.**

U-Haul asks the Court for leave to file supplemental evidence supporting its response to Public Storage's motion to dismiss. (Doc. 28 at 2.) The evidence at issue is a second cease-and-desist letter from Public Storage regarding the Orange Storage Door Website. (Doc. 28-2.) U-Haul received the letter on May 7, 2025—about two months after briefing closed on Public Storage's motion to dismiss. Public Storage opposes the motion, arguing that it is irrelevant and prejudicial. (Doc. 31 at 2, 5.)

Granting a motion to supplement is within a district court's discretion. *See Resilient Floor Covering Pension Tr. Fund Bd. of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015). When deciding a motion to supplement, a district court considers whether the evidence is relevant, "whether the motion is made in good faith, and whether allowing supplementation would unfairly prejudice the non-moving party." *Udd v. City of Phoenix*, No. CV-18-01616-PHX-DWL, 2020 WL 1904638, at *2 (D. Ariz. Apr. 17, 2020) (citation omitted).

**A.    Relevance**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

The second cease-and-desist letter is similar to the one attached to the amended complaint. (*Compare* Doc. 13-3 at 251-52, *with* Doc. 28-2.) The main substantive difference is the second letter contains an attachment explaining the authority given to Tracer Managed Services—the entity that sent the letter on behalf of Public Storage. (Doc. 28-3.)

Cease-and-desist letters are a common starting point for declaratory judgment actions because they often create a reasonable apprehension of suit. *See, e.g.*, *Chesebrough-Pond's Inc. v. Faberge, Inc.*, 666 F.2d 393, 396-97 (9th Cir. 1982). This provides strong evidence supporting that the second letter is relevant.

1    Public Storage argues the letter is irrelevant because "U-Haul must show an actual
2    case or controversy as of the time it filed its complaint." (Doc. 31 at 2.) This argument
3    ignores the reasonable apprehension analysis looks at all the available circumstances. True,
4    a declaratory judgment plaintiff must face a reasonable apprehension of suit when filing
5    their complaint. *See S.D. Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th
6    1012, 1023 (9th Cir. 2023). But a district court can look at post-filing events to determine
7    reasonableness at the time of filing. Indeed, in *Chesebrough-Pond's Inc.*, the Ninth Circuit
8    Court of Appeals considered a plaintiff's reasonable fear of suit bolstered by a defendant
9    filing counterclaims for infringement—a post-filing event. 666 F.2d at 397. The Court finds
10   the second cease-and-desist letter is relevant.

### B.     Good Faith

U-Haul filed its motion to supplement the day after it received the second letter. Public Storage argues a rational party would have contacted opposing counsel before filing a motion. (*See* Doc. 31 at 4.) But considering the parties are in active litigation over the issue of jurisdiction, U-Haul's actions were not unreasonable and demonstrated diligence based on the circumstances. The Court finds U-Haul's actions were made in good faith.

### C.     Unfair Prejudice

Admitting the second letter will prejudice Public Storage by not giving it an opportunity to present rebuttal evidence. To mitigate this prejudice, Public Storage attaches several exhibits to its opposition briefing, asking the Court to admit these exhibits if it decides to admit the second letter. (Doc. 31 at 5.)

Public Storage's exhibits are two declarations and an email from Tracer Managed Services. The first declaration states a technical glitch caused the second letter. (Doc. 31-1.) The second declaration states Public Storage was not aware of the second letter until U-Haul filed its motion to supplement and reaffirms Public Storage has no intent to sue U-Haul over the website. (Doc. 31-2 at 2.) The email is Tracer Managed Services telling U-Haul the second letter was sent inadvertently. (Doc. 31-1 at 7.) The Court finds including Public Storage's exhibits will mitigate any prejudice caused by granting the motion to

supplement.

Therefore, the Court will grant U-Haul's motion to supplement and consider the second cease-and-desist letter, as well as the exhibits attached to Public Storage's opposition briefing, when deciding the motion to dismiss.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendant's Request for Judicial Notice (Doc. 22) as described herein.

**IT IS FURTHER ORDERED** granting Plaintiff U-Haul International Incorporated's Motion for Leave to File Supplemental Evidence (Doc. 28). The Court will also consider the exhibits attached to Public Storage's opposition briefing (Docs. 31-1, 31-2).

**IT IS FINALLY ORDERED** reaffirming oral argument on Defendant's motion to dismiss (Doc. 21) for **September 10, 2025, at 10:00 a.m**.

Dated this 20th day of August, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge